MYERS et al., Appellees,

v.

BASOBAS et al., Appellees. (Hessler, Appellant.)

GRIFFIN et al., Appellees,

v.

NORTH COMMUNITY COUNSELING CENTER
et al., Appellees. (Hessler, Appellant).

BOPE et al., Appellees,

v.

NORTH COMMUNITY COUNSELING CENTER
et al., Appellees. (Hessler, Appellant.)

BOPE, Appellee,

v.

CENTRAL OHIO PSYCHIATRIC HOSPITAL, Appellee. (Hessler, Appellant.)

GRIFFIN, Appellee,

v.

CENTRAL OHIO PSYCHIATRIC HOSPITAL, Appellee. (Hessler, Appellant.)

MYERS, Admr., et al., Appellees,

v.

CENTRAL OHIO PSYCHIATRIC HOSPITAL, Appellee. (Hessler, Appellant.)

[Cite as *Myers v. Basobas* (1998), 129 Ohio App.3d 692.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 98AP–161, 98AP–323, 98AP–326, 98AP–500, 98AP–502 and 98AP–503.

Decided Oct. 15, 1998.

*Leeseberg, Maloon, Schulman & Valentine* and *Jeffrey L. Maloon,* for appellees Roger Myers et al.

*Lamkin, Van Eman, Trimble, Beals & Rourke* and *Michael J. Rourke,* for appellee Sue S. Griffin.

*Lamkin, Van Eman, Trimble, Beals & Rourke* and *Thomas W. Trimble,* for appellee Debra M. Bope.

*Smith & Colner* and *James D. Colner,* for appellee North Community Counseling Center.

*David H. Bodiker,* Ohio Public Defender, *Stephen P. Hardwick, Ruth L. Tkacz* and *Richard J. Vickers,* for appellant.

*W. Andrew Hasselbach,* for *amicus curiae.*

LAZARUS, Judge.

Appellant, Jerry Francis Hessler, appeals from the entry of the Court of Claims of Ohio denying his motion to intervene and sustaining defendant-appellee North Community Counseling Center's motion to compel the deposition testimony of Dr. Jeffrey Smalldon. For the reasons that follow, we affirm in part and reverse in part.

On October 31, 1996, appellant was sentenced to death as a result of a shooting rampage on November 15, 1995, in which appellant killed four people and injured others. Appellant's criminal case is now on appeal to the Supreme Court of Ohio. On November 19, 1996, appellees, the surviving victims and the families of appellant's victims, filed six separate civil actions against appellant's former mental health care providers, including the Central Ohio Psychiatric Hospital ("COPH"), the North Community Counseling Center (also known as "the Bridge"), and medical personnel at both facilities. The suits alleged that appellees' negligent care and treatment of appellant led to his shooting rampage.

Three of the actions were filed in Franklin County Common Pleas Court, and three actions were filed in the Court of Claims. The three Franklin County Common Pleas Court cases were removed to the Court of Claims. The Court of Claims later remanded to the common pleas court the three removed cases. The other three actions remain in the Court of Claims.[1] Appellant was not named a defendant in any of the civil actions.

In the course of appellant's criminal trial, appellant's defense counsel retained Dr. Jeffrey Smalldon, Ph.D., to provide psychological consultation to the defense.

---

1. The cases are denominated as follows: *Myers v. Basobas,* case No. 98AP–161 (Franklin County Court of Common Pleas case No. 96CVC118885, Court of Claims case No. 97–02208); *Griffin v. N. Community Counseling Ctr. v. Hessler,* case No. 98AP–323 (Franklin County Court of Common Pleas case No. 96CVC118918, Court of Claims case No. 97–02224); *Bope v. N.*

In *Myers v. Basobas,* case No. 98AP–161, Court of Claims Case No. 97–02208, the Bridge subpoenaed Dr. Smalldon for a deposition. Appellant filed a motion to quash, objecting to the disclosure of certain documents Dr. Smalldon was directed to bring, including Smalldon's billing records, any communications between appellant and Smalldon, and anything created or transmitted by appellant's attorneys or other consultants. Smalldon's deposition took place on October 23, 1997. By agreement of counsel for the parties, appellant's counsel was permitted to participate at the deposition and to interpose objections to specific questions posed to Smalldon.

During the deposition, appellant's counsel objected numerous times to questions concerning communications between Smalldon and appellant or his criminal defense team. Smalldon also declined to turn over some of the records requested by the Bridge, stating that he had instead turned them over to appellant's counsel. Smalldon testified at his deposition that he had had at least five separate face-to-face interviews with appellant. Smalldon also indicated that he had testified in the mitigation phase of the criminal trial. He stated that his trial testimony was based in part upon the face-to-face contact with appellant.

The Bridge filed a motion to compel on November 12, 1997, but did not serve appellant with a copy of the motion. Accordingly, the Court of Claims granted appellant, a nonparty, an extension of time in which to respond to the motion.

On January 16, 1998, appellant filed a memorandum in opposition to the motion to compel and a motion to intervene for the limited purpose "of protecting his right to disclosure of privileged or confidential information and to protect other rights relating to the capital proceedings against him." On February 2, 1998, appellant notified the Court of Claims that the deadline for filing the record of appellant's criminal proceedings in the Supreme Court had been extended to February 9, 1998. Appellant asserted that it would be premature for the Court of Claims to rule on the motion to compel until the transcript from the criminal trial was available and the parties had the opportunity to review the transcript.

Nevertheless, on February 3, 1998, the Court of Claims, without explanation, sustained the motion to compel and overruled the motion to intervene. On February 10, 1998, appellant filed his notice of appeal. On March 3, 1998, counsel for COPH wrote a letter stating her intent to depose Smalldon in the remaining cases, and, on March 10, 1998, appellant filed identical motions for leave to

---

*Community Counseling Ctr.,* case No. 98AP–326 (Franklin County Court of Common Pleas case No. 96CVC118979, Court of Claims case No. 97–02216); *Bope v. Cent. Ohio Psychiatirc Hosp.,* case No. 98AP–500 (Court of Claims case No. 96–12676); *Griffin v. Cent. Ohio Psychiatric Hosp.,* case No. 98AP–502 (Court of Claims case No. 96–12668); and *Myers v. Cent. Ohio Psychiatric Hosp.,* case No. 98AP–503 (Court of Claims case No. 96–12650).

intervene in those cases. These motions also were denied and have been consolidated for purposes of this appeal.

On appeal, appellant assigns as error the following:

1. "A trial court errs when it denies the motion for leave to intervene of a person who seeks in good faith to prevent the disclosure of confidential and/or privileged information *when no party to the action has opposed the motion.*" (Emphasis *sic.*)

2. "A trial court errs when it enters an order compelling testimony that is either overly broad or unconstitutionally vague."

3. "A civil trial court errs when it interferes in an ongoing capital criminal proceeding by ordering the disclosure of privileged and/or confidential information."

4. "A trial court errs when it grants a motion to compel compliance with an unduly burdensome discovery request."

In support of his first assignment of error, appellant argues that he met the requirements for Civ.R. 24(A)(2) and that his motion to intervene should have been granted. Appellees respond that appellant was able to adequately protect his interests without assuming formal party status and that the trial court did not err when it denied the motion to intervene.

Civ.R. 24(A) provides:

"(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Intervention will be allowed if each of the four requirements of Civ.R. 24(A)(2) is met. First, there must be a timely application. Second, the applicant must have a protectable interest relating to the property or transaction that is the subject of the action. Third, the applicant must be in a position such that the disposition of the action may, as a practical matter, impair or impede his interest, and finally, the interest must be inadequately represented by the existing parties to the suit. *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010. Denial of a motion to intervene as of right pursuant to Civ.R. 24(A)(2) affects a substantial right and is, therefore, a final appealable order. *Id.;* *Morris v. Investment Life Ins. Co.* (1966), 6 Ohio St.2d 185, 35 O.O.2d 304, 217 N.E.2d 202.

The standard of review for a Civ.R. 24(A)(2) motion for intervention as a matter of right is abuse of discretion. *Morris, supra;* see, also, *Jamestown*

*Village Condominium Owners Assn. v. Market Media Research, Inc.* (1994), 96 Ohio App.3d 678, 695, 645 N.E.2d 1265, 1276 ("Since the court did not give a reason for denying Neff's motion to intervene, and we find no support for denying the motion, we hold that the court abused its discretion in not allowing Neff to intervene").

Here, we find that appellant has satisfied the requirements of Civ.R. 24(A)(2). With respect to the first two elements, appellant's motion to intervene was timely and asserts an interest relating to the transaction that is the subject of the action. Appellant seeks to intervene for the purpose of protecting disclosure of allegedly privileged materials. In *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181, modified on other grounds, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331, nonparty physicians objected to the submission of allegedly privileged materials to an *in camera* inspection in a proceeding for prejudgment interest. The Supreme Court of Ohio noted that "[t]his stake in the proceeding would appear to provide sufficient basis for a motion to intervene in that proceeding pursuant to Civ.R. 24." *Id.*, 67 Ohio St.3d at 65, 616 N.E.2d at 185. Moreover, "it is not required that the interest be proven or conclusively determined before the motion is granted." *Blackburn, supra,* 29 Ohio App.3d at 354, 29 OBR at 483, 505 N.E.2d at 1014.

With respect to the third prong of the test, the potential for prejudice without formal intervention is significant. Appellant would be unable to protect his asserted interests should Smalldon be called as a witness at trial. If privileged material were disclosed at a civil trial, the prosecution would have access to the information, and, therefore, appellant could be impeded in his ability to assert the claimed privileges in any retrial of his criminal action or postconviction proceedings.

Finally, under the fourth prong of Civ.R. 24(A)(2), the existing parties are not representing appellant's interests. The Bridge filed a motion to compel, and no existing party has asserted any interest in preventing the disclosure of allegedly privileged materials. Nor do we find that permitting intervention for the limited purpose of protecting allegedly privileged materials would result in prejudice to the existing parties. Since the Court of Claims did not give a reason for denying appellant's motion to intervene, and we find no support for denying the motion, we hold that the court abused its discretion in not allowing appellant to intervene for the limited purpose of protecting privileged information. The first assignment of error is well taken.

The remaining assignments of error concern the decision of the Court of Claims to grant the motion to compel. Until recently, the general rule has been that, ordinarily, discovery orders are not final judgments and, therefore, could not be immediately reviewed prior to the end of the case in the trial court. See

*Nelson v. Toledo Oxygen & Equip. Co.* (1992), 63 Ohio St.3d 385, 588 N.E.2d 789 (discovery orders compelling production of documents and overruling claim that documents or tangible things discovered are exempt from discovery under the work-product exception of Civ.R. 26[B][3] are not final appealable orders under R.C. 2505.02). However, effective July 22, 1998, R.C. 2505.02 has been amended to add to the definition of a "final order" and to specify circumstances under which an order granting or denying a provisional remedy will be considered a final appealable order. R.C. 2505.02 reads:

"(A) As used in this section:

" * * *

"(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to * * * discovery of privileged matter * * *.

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

" * * *

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

 Management of the discovery process lies within the discretion of the trial court. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus. Absent an abuse of discretion, an appellate court will not reverse a trial court's ruling on discovery matters. *Id.; Jaric, Inc. v. Chakroff* (1989), 63 Ohio App.3d 506, 512, 579 N.E.2d 493, 496–497.

 In the third assignment of error, appellant raises the argument that the Court of Claims ruled on the motion to compel before the transcript of appellant's criminal trial had been filed with the Ohio Supreme Court. Although the Court of Claims did not set forth its reason for granting the motion, appellees' only contention in support of the motion to compel was that appellant waived any alleged privilege in regard to Smalldon by placing him on the stand in the criminal sentencing phase. We find, however, that any ruling that appellant had waived the physician-patient privilege, attorney-client privilege, the privilege against compulsory self-incrimination, or the work-product doctrine was premature, given the lack of a criminal trial transcript in the court below.

The need to have access to and to examine the criminal trial record is illustrated by *State v. Hopfer* (1996), 112 Ohio App.3d 521, 679 N.E.2d 321. In *Hopfer*, the Montgomery County Court of Appeals had to determine whether the physician-patient privilege ever attached between a juvenile defendant accused of murdering her newborn baby and her psychiatrist. As in the present case, the psychiatrist conducted several interviews of the defendant while she was in the juvenile detention center. After a review of the record and the psychiatrist's testimony, the court of appeals determined that the psychiatrist had not examined the defendant to provide treatment but, rather, to rebut conclusions of the court-appointed experts and to assist defense counsel in representing the defendant at the hearing on amenability to rehabilitation under the juvenile court system. Accordingly, the court held that the physician-patient privilege did not attach to communications during the mental examination, and the prosecution was permitted to use the psychiatrist's testimony to impeach the defendant's contradictory statements. *Id.* at 553, 679 N.E.2d at 341–342.

Here, neither the parties nor the Court of Claims had access to the criminal trial transcript. Thus, neither the parties nor the Court of Claims had any way of knowing the scope of Dr. Smalldon's trial testimony. Was it broad-ranging or carefully limited to certain topics? Without the official record of what happened at appellant's criminal trial, appellant's appellate counsel could not adequately represent his client, and neither the parties nor the Court of Claims could accurately assess whether appellant had waived certain privileges. Under these circumstances, it was an abuse of discretion for the Court of Claims to grant the motion to compel without the opportunity to review the record from appellant's criminal trial.

Because we must remand the matter for the Court of Claims to consider Smalldon's trial testimony, the remaining issues raised by appellant in the second, third, and fourth assignments of error are rendered moot.

Based on the foregoing, the first assignment of error is sustained, the third assignment of error is sustained in part and overruled in part, and the second and fourth assignments of error are overruled as moot. The judgment of the Court of Claims of Ohio is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings, in accordance with law, consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

JOHN C. YOUNG and TYACK, JJ., concur.