OPINION
Intervenor-appellant, Michael A. Yonak, Jr., appeals a decision of the Monroe County Common Pleas Court, Probate Division, denying his Civ.R. 24(A) motion for intervention of right.
Decedent Emma P. Schumacher (decedent) executed a last will and testament on May 28, 1998. Plaintiff St. Sylvester Catholic Church of Woodsfield was designated as the primary beneficiary of this will. This will also designated Martha Brown executor of decedent's estate.
On February 19, 1999, decedent executed a subsequent last will and testament, which revoked all of decedent's prior wills and codicils. This will bequeathed all of decedent's property to defendant-appellee, Carmen Haren-Williams (Williams), and also designated Williams executor of decedent's estate. Decedent died shortly thereafter on March 16, 1999, while the certificate of notice for decedent's estate was filed on March 22, 1999.
On July 21, 1999, plaintiffs[1] filed a will contest action (Case No. 8231) against Williams in both her individual capacity and capacity as executor of decedent's estate. Plaintiffs asked the probate court to set aside and declare the February 19, 1999 will invalid. Specifically, Plaintiffs alleged Williams had unduly influenced the decedent. Williams filed an answer denying plaintiffs' allegations.
Meanwhile, on October 22, 1999, Williams, in her capacity as executor of decedent's estate, filed a separate action (Case No. 99-197) in the Monroe County Common Pleas Court against appellant in an attempt to bring real property back into decedent's estate. Williams alleged that appellant's deed to the subject property was invalid.
On May 8, 2000, appellant filed a Civ.R. 24(A) motion to intervene in the will contest action that contested the validity of decedent's February 19, 1999 will. Williams filed a memorandum in opposition to appellant's intervention motion. A hearing on the matter was held June 30, 2000, where the trial court overruled appellant's motion for intervention. That same day, plaintiffs and Williams reached a settlement agreement, and the probate court issued an order dismissing the will contest action.
Appellant filed timely notice of appeal on July 13, 2000.
In appellant's sole assignment of error, appellant argues that the trial court abused its discretion by overruling his Civ.R. 24(A) motion for intervention of right.
Appellant alleges that he has met all of the essential elements required for intervention of right. First, appellant argues that he has an interest relating to the transaction below. Appellant argues that the determination of the will contest action below is a central issue in the separate lawsuit challenging the validity of the transfer of a deed to appellant. Appellant argues such determination qualifies as an interest under Civ.R. 24(A). Next, appellant argues that he acted timely in filing his motion to intervene, and that the current parties do not adequately represent his interest. Finally appellant argues that his interest will be prejudiced and impaired if intervention is not granted. As such, appellant argues that the trial court abused its discretion in denying appellant's motion to intervene.
Civ.R. 24 provides in pertinent part:
"(A) Intervention of right
 "Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
In order for an applicant to succeed in a claim for intervention of right, the applicant must meet the four requirements set forth in Civ.R. 24(A)(2). First, the applicant must have a protectable interest relating to the property or transaction that is the subject of the action. Second, there must be a timely application. Third, the applicant must be in a position such that the disposition of the action may, as a practical matter, impair or impede the applicant's interest. Finally, the applicant's interest must be inadequately represented by the existing parties to the suit. Myers v. Basobas (1998), 129 Ohio App.3d 692, 696. Thus, appellant would be entitled to intervene only if the record establishes that each of those four elements has been met.
Ohio courts apply an abuse of discretion standard in reviewing Civ.R. 24(A)(2) motions. State ex. rel. First New Shiloh Baptist Church v.Meagher (1998), 82 Ohio St.3d 501, 503, fn. 1. Abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, the trial court did not abuse its discretion in denying appellant's motion to intervene. Appellant failed to establish that he has a protectable interest relating to the property or transaction that is the subject of the action below. The action below consisted of a will contest. R.C. 2107.71 identifies those parties that may contest the validity of a will and provides in pertinent part:
 "(A) A person interested in a will or codicil admitted to probate in the probate court, which will or codicil has not been declared valid by judgment of a probate court * * * may contest its validity by a civil action in the probate court * * *."
In Chilcote v. Hoffman (1918), 97 Ohio St. 98, the Ohio Supreme Court addressed the issue of who qualifies as "a person interested" within the meaning of R.C. 2107.71, and noted:
 "A `person interested,' within the contemplation of this statute, undoubtedly means a person who has such a direct pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the will, or be benefited by setting it aside.
 "One who has a mere sentimental but no pecuniary interest cannot bring or maintain a suit to contest the validity of a will. It is therefore clear that this is a property right, and not a mere personal privilege." (Emphasis added and citations omitted.) Id. at 105.
Appellant does not qualify as "a person interested" within the meaning of R.C. 2107.71, and as such, appellant has no cognizable interest in the transaction that he seeks to intervene in. Appellant had not been designated as a beneficiary in decedent's prior will, and failed to establish a direct pecuniary interest in decedent's will.
Appellant readily acknowledges that the sole purpose for his attempting to intervene in the will contest action is to have Williams removed as executor so that she can no longer pursue the legal action against him in Case No. 99-197. This motivation on the part of appellant can hardly be characterized as an "interest" within the meaning of either Civ.R. 24 or R.C. 2107.71.
Even if Williams were successfully removed as executor, a new executor would be appointed and substituted in the litigation against appellant. Williams did not bring the action against appellant in her personal capacity, but rather as the executor of decedent's state. A new executor would still be expected to marshal the estate's assets which would include continuing the legal action against appellant to bring the subject property back into the estate. Additionally, appellant's interests can be adequately protected in the action against him.
As noted earlier, a party seeking intervention must meet all four requirements set forth in Civ.R. 24(A). Because appellant has failed to meet the interest requirement set forth in Civ.R. 24(A), appellant's argument that he met the other elements set forth in Civ.R. 24(A) is moot.
Accordingly, appellant's sole assignment of error is without merit.
 ___________ DONOFRIO, J.
Vukovich, J., concurs.
Waite, J., concurs.
[1] The plaintiffs in the complaint were St. Sylvester Church, St. Sylvester Church Cemetery Fund, National Shrine of St. Jude, Claretian Missionaries, Robert Brown A. Memorial Community Center, Inc., Martha Brown, Jack Brown, and Rita Singleton, who were all beneficiaries in some form under decedent's May 28, 1998 will.