OPINION
Intervenor-appellant, Troy Busta ("Busta"), appeals from the judgment of the Portage County Court of Common Pleas, denying his motion to intervene in the combined hearing on petitioner-appellees Robert Gondor ("Gondor") and Randy Resh's ("Resh") separate petitions for post-conviction relief.
In 1989, Busta pleaded guilty to Connie Nardi's murder and subsequently testified against Resh and Gondor in their separate trials in 1990. Resh was sentenced to five to fifteen years for attempted rape and fifteen years to life for murder, to be served consecutively. Gondor was sentenced to ten to twenty-five years for involuntary manslaughter, ten to twenty-five years for kidnapping, and eighteen months for obstruction of justice, to be served consecutively.
During the prosecution of this case, Busta was represented by the Office of the Ohio Public Defender; Resh and Gondor were represented by James Owen ("Owen"). Appellee, Resh, appealed his conviction and sentence. On December 11, 1992, this court affirmed the judgment of the trial court. In 1993, the Supreme Court declined to accept jurisdiction of appellee's attempted appeal.
On September 20 1996, Owen filed post-conviction relief petitions pursuant to R.C. § 2953.21, alleging prosecutorial misconduct in failing to disclose exculpatory evidence to defense counsel and ineffective assistance of counsel which resulted in appellee not receiving a fair trial. On January 30, 1997, the trial court denied the petitions without a hearing. On December 19, 1997, this court reversed and remanded the matters for evidentiary hearings on Resh and Gondor's petitions for post-conviction relief.
In May of 1998, the trial court appointed Jerry Lee McHenry and Tracey Leonard, assistant public defenders, to represent Gondor; Resh continues to be represented by Owen. The evidentiary hearing was scheduled to commence on April 26, 1999.
On March 30, 1999 Busta filed a motion to intervene in both Resh and Gondor's post-conviction proceedings and a motion to disqualify counsel for appellees, Resh and Gondor. Busta's motion to intervene was filed pursuant to Civ.R. 24(A) for the sole purpose of seeking disqualification of petitioners' counsel. Busta's motion to disqualify petitioners' counsel was based on a conflict of interest created by the Ohio public defender's representation of appellees subsequent to its representation of Busta in the same crime.
On April 5, 1999, the State of Ohio also filed a motion to disqualify the attorneys for the petitioners, Resh and Gondor.
On April 15, 1999, the trial court overruled Busta's motion to intervene. In the same judgment entry, the trial court raised, suasponte, the conflict of interest issue and decided that no conflict existed.
On April 19, 1999 the trial court entered an order vacating the April 15, 1999 judgment entry. Also on April 19, the court, sua sponte,
addressed the conflict of interest issue and again found no cause to disqualify appellees' counsel.
On April 23, 1999, Busta filed an appeal from the orders and judgment entries of the Portage County Court of Common Pleas denying his motion to intervene and to disqualify counsel for the petitioners. The Ohio public defender subpoenaed Busta to appear on April 23, 1999, one day after he was placed on a supplemental discovery witness list.
On April 27, 1999, Resh and Gondor filed motions to dismiss Busta's motions to intervene and disqualify appellees' counsel. On October 28, 1999, Busta filed a motion to stay proceedings in the trial court pending the outcome of his appeal.
On April 30, 1999, we temporarily stayed all proceedings in this matter pending the outcome of Busta's appeals. On April 30, 1999, in the middle of appellees' combined evidentiary hearing, which had begun on April 27, 1999, the Portage County Court of Common Pleas suspended trial proceedings in this matter; the stay was issued before Busta was called as a witness.
On May 13, 1999, the State filed a memorandum in support of the motion to stay and in opposition to Resh's motion to dismiss. The State argues that the denial of Busta's motion to intervene is a final appealable order.
On May 18, 1999, Busta filed a memorandum in opposition to Resh's motion to dismiss Busta's appeal, arguing that the trial court's judgments are final appealable orders. On June 1, 1999, Busta filed a reply to appellee's brief arguing that Civ.R. 24 is not clearly inapplicable to post-conviction proceedings.
 On December 2, 1999, this court overruled Resh and Gondor's motions to
dismiss Busta's appeal regarding intervention, but granted appellees' motions to dismiss Busta's appeal to disqualify petitioners' counsel.
In October 2000, Resh and Gondor filed a motion to modify the existing stay in this case for the purpose of allowing them to prosecute their delayed motions for new trial; appellees' motion was denied.
Busta now assigns the following error:
 "[1.] The trial court committed an abuse of discretion in overruling appellant Busta's motion to intervene under Ohio Civ.R. 24(A)."
 Busta seeks to intervene in appellees' petitions for post-conviction relief for the limited purpose of moving to disqualify petitioners' counsel to prevent the disclosure of privileged attorney-client information.
Resh's attorney, James Owen, Chairman of the Ohio Public Defender's Commission, worked closely with Gondor's attorneys, the public defender's office, during the discovery process and through the commencement of the joint evidentiary hearing on Resh and Gondor's petitions for post-conviction relief. Busta seeks to intervene to protect privileged information from being disclosed by the Ohio public defender's office, which had previously represented Busta in the same crime.
Busta's sole assignment of error challenges the trial court's decision to overrule his motion to intervene under Ohio Civ.R. 24(A). The denial of a motion to intervene is a final, appealable order when it is made in a special proceeding. Fairview General Hosp. v. Fletcher (1990),69 Ohio App.3d 827, 830, 591 N.E.2d 1312. Special proceedings are defined in R.C. 2505.02(A)(2) as "an action or proceeding specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Post-conviction relief proceedings, as described in R.C. 2953.21, fall within the meaning of special proceedings, supra. Thus, the denial of Busta's motion is a final, appealable order.
Post-conviction proceedings are quasi-civil. State v. Nichols,
(1984). 11 Ohio St.3d 40, 41, 463 N.E.2d 375. The Ohio Supreme Court has declared that some civil rules, including Civ.R. 56, motion for summary judgment, are to be applied in post-conviction proceedings. See Statev. Milanovich (1975), 42 Ohio St.2d 46, 51, 325 N.E.2d 540. Since the Ohio Supreme Court has not held that Civ.R. 24 is inapplicable in post-conviction relief proceedings, we conclude that Civ.R. 24 is applicable. See Myers v. Basobas, (1998), 129 Ohio App.3d 692, 697,718 N.E.2d 1001 (explaining that without intervention, appellant would be unable to protect his interests which would enable the prosecution to obtain the information, and appellant could be impeded in his ability to assert the privilege in post-conviction proceedings.)
Having decided that Civ.R. 24 applies to post-conviction relief proceedings, we must determine whether Busta has met the requirements for an intervention of right. Civ.R. 24 (A) provides in pertinent part:
 "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 Absent abuse of discretion, a trial court's decision on the timeliness of a motion to intervene will not be reversed. State v. First New Shiloh Baptist Church
(1998), 82 Ohio St.2d 501, 503, 696 N.E.2d 1058. Abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude. Id. The trial court found that Busta's motion to intervene was untimely because it was filed two years after the commencement of the action and less than a month prior to the scheduled hearing.
An application for intervention is not untimely, when the record contains nothing to suggest that Busta knew or should have known that an action, in which he had a legal interest, was pending. See, e.g. Fouchev. Deniham (1990), 66 Ohio App.3d 120, 124, 583 N.E.2d 457. The record is silent as to any indication that Busta knew or should have known that the Ohio public defender's office was representing Gondor and working closely with Resh's attorney on appellees' joint evidentiary hearing for post-conviction relief. The record contains no evidence that Busta was served with appellees' petitions for post-conviction relief or other motions filed in the trial court. The only notice given to Busta prior to his motion to intervene, was a subpoena to appear in the Portage County Court of Common Pleas, issued on September 11, 1998. However, this subpoena did not indicate that the issuing party was the Ohio public defender's office; only Attorney Tracey Leonard was named. Busta filed his motion to intervene on March 30, 1999, six months after learning of appellees' petitions, however the record does not reflect when Busta learned that Gondor was represented by the Ohio public defender. The record is silent as to any evidence indicating that Busta was informed that the public defender's office was involved in the representation of Resh and Gondor.
Upon review of the file and record in this case, Busta's application to intervene was not dilatory; Busta had no reason to know that he had a legal interest in appellees' post-conviction procedures nor was he aware of appellees' motions for post-conviction relief prior to receiving the subpoena in September of 1998. Under the facts and circumstances of this case, Busta's motion to intervene was timely.
A trial court's decision regarding an applicant's claim of a legal interest which will be prejudiced without his participation and which is not adequately represented by existing parties, will not be reversed absent an abuse of discretion. State v. First New Shiloh Baptist Church
(1998), 82 Ohio St.2d 501, 503, fn. 1, 696 N.E.2d 1058. Busta and the State of Ohio argue that Busta has a right to conflict-free representation and to prevent the disclosure of privileged information. Busta asserts that his interest in preventing the disclosure of protected information is legal, not personal.
The Ohio Supreme Court has held that Civ.R. 24 (A)(2), which allows intervention as of right when a person claims an interest that may be impaired by the disposition and will not adequately be protected by the existing parties, should be construed liberally. State ex. rel. LTVSteel Co. v. Gwin (1992), 64 Ohio St.3d 245, 247, 594 N.E.2d 616. The attorney-client privilege protects from disclosure of confidential communications between a client and an attorney. Ex parte Martin
(1943), 141 Ohio St. 87, 101, 47 N.E.2d 388. Preventing disclosure of privileged information is an interest under Civ.R. 24(A)(2). See e.g.Myers v. Basobas, (1998), 129 Ohio App.3d 692, 697, 718 N.E.2d 1001.
Any information disclosed by Busta to the Ohio public defender's office is protected by the attorney-client privilege and must not be disclosed by the public defender's office in the course of the joint evidentiary hearing on appellees' petitions for post-conviction relief. Busta has been called as a witness in appellees' post-conviction hearing and will be examined by the Ohio public defender's office and in the event that a new trial is ordered, Busta will again be called to testify for the state.
Busta has a direct and substantial interest in protecting information he shared with his attorney. Busta's motion to intervene was timely and his interest in preventing the disclosure of confidential information is an interest that no other party can adequately protect. Busta's sole assignment of error is therefore, with merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. We further recommend that a new judge be assigned to this case.
 ________________________________ JUDGE ROBERT A. NADER
FORD, P.J., GRENDELL, J., concur.