OPINION
Appellant The Heart Care Foundation ("The Foundation") appeals the decision of the Stark County Court of Common Pleas that denied its motion to intervene. The following facts give rise to this appeal.
This action arose from an October 17, 1995 employment agreement between Fidelis Mkparu and Ohio Heart Care, Inc. ("Ohio Heart Care"). On December 22, 1997, Dr. Mkparu filed a complaint against Ohio Heart Care alleging, among other things, fraudulent inducement of an employment contract. The matter eventually proceeded to trial in August 1998. At trial, the trial court granted a motion for directed verdict on the fraud claim against Dr. Utlak and on the punitive damages claim against Ohio Heart Care. Thereafter, in accordance with the jury's verdict the trial court entered judgment in Dr. Mkparu's favor, on the fraud claim, in the amount of $99,500.
The parties appealed to this court and on November 8, 1999, we reversed the directed verdicts on the fraud and punitive damages claims and remanded the matter to the trial court.[1] The parties appealed to the Ohio Supreme Court. The Court initially accepted the appeal but dismissed it on December 13, 2000, as having been improvidently allowed.[2]
On January 19, 2001, The Foundation, as partial assignee of Dr. Mkparu's claims, filed a motion to intervene as a plaintiff. The trial court denied The Foundation's request on September 6, 2001. The Foundation timely appealed and sets forth the following sole assignment of error for our consideration:
 I. THE TRIAL COURT ERRED BY DENYING APPLICANT'S MOTION TO INTERVENE, WHERE APPLICANT, AS AN ASSIGNEE, IS A REAL PARTY IN INTEREST.
 I
The Foundation contends, in its sole assignment of error, that the trial court erred when it denied its motion to intervene. We disagree.
The Foundation sought to intervene pursuant to Civ.R. 24(A). This rules provides as follows:
(A) Intervention of right
 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
The standard of review for a Civ.R. 24(A)(2) motion for intervention as a matter of right is abuse of discretion. Meyers v. Basobas (1998),129 Ohio App.3d 692, 696. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In order for a party to intervene as a matter of right, the following standards must be met:
 1) the intervenor must claim an interest relating to the property or transaction that is the subject of action; 2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; 3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and 4) the motion to intervene must be timely. Classic Properties, Inc. v. Bd. of Trustees of Goshen Township (Jan. 28, 2002), Clermont App. No. CA2001-05-051, unreported, at 2.
"Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." Id. at 2, citing Fairview Gen. Hosp.v. Fletcher (1990), 69 Ohio App.3d 827, 831. It is based upon this standard that we review The Foundation's assignment of error.
As to the first element, The Foundation, as partial assignee, claims an interest relating to the transaction that is the subject of this action. This partial assignment is evidenced by a writing in which Dr. Mkparu assigned:
 * * * all [his] right, title and interest in and to all claims, demand, and cause or causes of action of whatever kind and nature that [he] may have had, now have, or may have arising out of, or for, any loss, injury, or damage sustained by [him] in connection with the fraudulent inducement of the October 17, 1995 employment contract between Fidelis O. Mkparu and Ohio Heart Care, Inc. except for claims for recovery of attorney's fees and litigation expenses, for claims for 46.4% of punitive or compensatory damages (to cover tax liability) and for the $99,500.00 compensatory damages award against Ohio Heart Care, Inc. * * *
In response, Ohio Heart Care argues The Foundation did not have standing to move to intervene because the partial assignment of claims, by Dr. Mkparu, was only executed by the assignor, there is no indication that The Foundation accepted the partial assignment and there is no indication that any consideration was exchanged between the parties. Ohio Heart Care also maintains The Foundation has no interest in Dr. Mkparu's employment contract, which is the basis of this lawsuit. However, for purposes of this appeal, we will assume the partial assignment by Dr. Mkparu, to The Foundation, was valid and therefore, The Foundation has an interest relating to the transaction that is the subject of this action.
The second element we must consider is whether The Foundation is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest. We find, as did the trial court, that the record does not support such a conclusion. The Foundation points to no evidence that demonstrates that it is so situated that disposition of the action below will impair or impede its ability to protect its interest in the ultimate outcome of this action. In fact, the language of the partial assignment indicates The Foundation "* * * is granted full power and authority to collect the assigned claims and to receive payment for the claims * * *." Accordingly, we conclude The Foundation's motion to intervene fails to satisfy this element.
We further conclude The Foundation cannot satisfy the third element, that its interest is not adequately represented by the existing parties. The Foundation and Dr. Mkparu are represented by the same attorney. There is no evidence, in the record, that indicates The Foundation's interest cannot be adequately represented by Dr. Mkparu.
The final element concerns timeliness. The motion to intervene must be timely. The issue of timeliness depends on the facts of the case.Norton v. Sanders (1989), 62 Ohio App.3d 39, 42. When determining timeliness, the following factors are pertinent:
 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and 5) the existence of unusual circumstances. Id.
Based upon the facts of this case and the above factors, the trial court did not abuse its discretion when it determined The Foundation's motion to intervene was not timely. The trial court specifically found that "* * * due to the long history of this case and the lengthy litigation it has already endured, that to add another party at this late date would only cause confusion to the new jury." Judgment Entry, Sept. 6, 2001, at 1. This conclusion is supported by the fact that Dr. Mkparu filed his original complaint in December 1997. Since this date, there has been a lengthy trial, an appeal to this court, an appeal to the Ohio Supreme Court and a remand to the trial court. Clearly, the case has a very long history in the court system.
Further, the purpose for which intervention is sought is based upon a partial assignment which we have already determined is adequately represented by the existing parties. Also, The Foundation's interest in the case is limited to a partial assignment which did not arise until January 18, 2001, when Dr. Mkparu executed the document assigning part of his claims to The Foundation. The Foundation's interest in this lawsuit is also recent because it was not incorporated until January 5, 2001. As noted above, the trial court discussed the prejudice factor in its judgment entry. Accordingly, we agree with the trial court that The Foundation's motion to intervene was not timely.
The trial court did not abuse its discretion when it overruled The Foundation's motion to intervene.
The Foundation's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), The Foundation shall pay costs in this matter.
By: Wise, J., Gwin, P. J., and Boggins, J., concur.
[1] Mkparu v. Ohio Heart Care, Inc. (1999), 138 Ohio App.3d 7.
[2] Mkparu v. Ohio Heart Care, Inc. (2000), 90 Ohio St.3d 1232.