OPINION
{¶ 1} On March 13, 2001, Franklin and Lisa Van Beusecum filed a complaint against Continental Builders, Inc. and others alleging breach of contract, negligence, nuisance and breach of settlement agreement. Said claims arose from the construction of a home for the Van Beusecums.
 {¶ 2} A jury trial commenced on December 9, 2003. At the close of the plaintiffs' case, the trial court granted a directed verdict in favor of Continental. The Van Beusecums appealed the decision. This court reversed the trial court's decision and remanded the matter for trial. See, Van Beusecum v. ContinentalBuilders, Inc., Delaware App. No. No. 04-CAE-01-008,2004-Ohio-7261.
 {¶ 3} On September 14, 2005, appellant, State Farm Fire and Casualty Company, filed a motion to intervene. By entry filed October 11, 2005, the trial court denied said motion, finding the motion was untimely.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO INTERVENE."
 {¶ 6} This case comes to us on the accelerated calendar governed by App.R. 11.1 which states the following in pertinent part:
 {¶ 7} "(E) Determination and judgment on appeal
 {¶ 8} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 9} "The decision may be by judgment entry in which case it will not be published in any form."
 I {¶ 10} Appellant claims the trial court erred in denying its Civ.R. 24(A) motion to intervene for being untimely. We disagree.
 {¶ 11} The standard of review for a Civ.R. 24(A)(2) motion for intervention as a matter of right is abuse of discretion.Meyers v. Basobas (1998), 129 Ohio App.3d 692. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983) 5 Ohio St.3d 217.
 {¶ 12} Civ.R. 24(A) governs intervention of right and states the following:
 {¶ 13} "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 14} A trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion.Southern Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661. Whether a Civ.R. 24 motion to intervene is timely depends on the facts of the case:
 {¶ 15} "The following factors are considered in determining timeliness: `(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.'" State ex rel.First New Shiloh Baptist Church v. Meagher, 82 Ohio St.3d 501,503, 1998-Ohio-192, quoting Triax Company v. TRW, Inc. (C.A.6, 1984), 724 F.2d 1224, 1228.
 {¶ 16} We concur with the trial court's analysis that appellant's motion was untimely. The complaint was filed on March 13, 2001. For nearly a year the matter was set for various pretrial and summary judgment motion conferences. On August 20, 2002 the case was set for jury trial for May 27, 2003. On November 25, 2003, the trial was rescheduled to December 9, 2003. After the plaintiffs' case, the trial court granted a directed verdict in favor of Continental. The matter was appealed to this court on January 29, 2004. By opinion and judgment entry filed December 27, 2004, this court reversed and remanded the case. See, Van Beusecum v. Continental Builders, Inc., Delaware App. No. No. 04-CAE-01-008, 2004-Ohio-7261. On May 11, 2005, the Supreme Court of Ohio declined to hear Continental's appeal. On August 3, 2005, the trial court set a trial for December 6, 2005. On September 14, 2005, appellant filed its motion to intervene.
 {¶ 17} State Farm gives no reason in its motion as to why it did not intervene during the four and one-half years this case has been pending. State Farm claims it insured Continental for property damage from March 8, 1999 to March 8, 2000. However, in its brief at 3, appellant states the policy excludes coverage for property damage caused by poor workmanship. State Farm now asserts it needs special interrogatories to determine if coverage applies.
 {¶ 18} We can fathom no better case for untimeliness. For appellant to have sat and rested on the laurels of others' good work (evidenced by the numerous motions for summary judgment and requests for admissions) and at the twenty-third hour ask to intervene is clearly untimely. We find the interests of justice would be thwarted if appellant was permitted to intervene.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.