TROSPER *v.* INGHAM CIRCUIT JUDGE.

1. Insurance—Parties—Intervention—Discretion of Court—Receivers.

The right of a life insurance policyholder to intervene in the receivership and liquidation proceedings of the insurer is discretionary since he is not a necessary party defendant, he has no independent right of action, and by virtue of statute he was not a permissible party plaintiff (Act No. 256, pt. 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933).

2. Same—Intervention—Policyholders—Discretion of Court.

Since permission granted to one of several thousand policyholders to intervene in receivership and liquidation proceedings of a life insurance company would require the granting of like permission on the part of other policyholders on application, and such would defeat the purpose of the insurance law whereby the commissioner of insurance is intrusted with the common interests of all policyholders, the denial of a policyholder's petition to intervene was not an abuse of discretion on the part of the trial court (Act No. 256, pt. 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933).

Petition by Harold P. Trosper for a writ of mandamus requiring Leland W. Carr, Ingham Circuit Judge, to allow petitioner to intervene in insurance company receivership and liquidation. Submitted April 2, 1940. (Calendar No. 40,981.) Writ denied June 3, 1940.

*Fred H. Aldrich,* for plaintiff.

*Shields, Ballard, Jennings & Taber,* for defendant.

WIEST, J. This is a petition for a writ of mandamus directing the circuit judge for the county of

Ingham to enter an order permitting petitioner, in his own behalf and in behalf of other policyholders in the American Life Insurance Company, a Michigan corporation, to intervene in the receivership and liquidation administration of that company.

On application of the State commissioner of insurance and upon a showing that the insurance company was insolvent, the court appointed the commissioner of insurance temporary receiver. At that stage of the proceeding petitioner, who was one of the many thousands of policyholders, asked leave to intervene, but his application was held pending an appeal to this court from the order appointing a temporary receiver. That order was affirmed by this court. *Commissioner of Insurance* v. *American Life Insurance Co.*, 290 Mich. 33. Thereupon the circuit court appointed the commissioner of insurance permanent and liquidating receiver and authorized a contract of reinsurance management with the American United Life Insurance Company, an Indiana corporation, authorized to do business in this State. Petitioner then asked that his petition for leave to intervene be granted as of the date it was previously filed. The circuit judge denied the petition, being of the opinion that the purposes sought to be effected by petitioner had been substantially accomplished by the commissioner of insurance and the orders of the court, and that the commissioner, as receiver, was representing the best interests of all policyholders and the intervention would serve no useful purpose.

Petitioner claims right to intervene and take part in the liquidating proceedings.

We are of the opinion that in this proceeding leave to intervene was discretionary with the court and there was no abuse in refusing such leave.

Counsel for petitioner cites *Livingston* v. *Southern Surety Co. of New York*, 262 Mich. 438, and *Gauss* v. *Central West Casualty Co.*, 266 Mich. 159.

The holdings therein are not applicable. In both cases rights of judgment creditors with independent rights of action controlled, while in the case at bar a policyholder seeks to take a hand in the liquidating proceedings.

The petitioner is but one of several thousand policyholders and the common interest of all policyholders is, by the insurance law, intrusted to the commissioner of insurance who alone had right to institute the present proceeding. Act No. 256, pt. 1, chap. 3, § 9, Pub. Acts 1917, as added by Act No. 249, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 12270-1, Stat. Ann. § 24.48.) Petitioner was not a permissible party plaintiff, nor a necessary party defendant; neither has he an independent right of action. Petitioner not having an independent right of action and not being a party by right of entry, his entry as an intervenor was within the discretion of the court. If petitioner is permitted to intervene then the other policyholders must be granted like permission on application and such would defeat the very policy of the insurance law.

The writ is denied, with costs.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.