MORRIS, SUPT. OF INSURANCE, APPELLANT, *v.* INVESTMENT LIFE INS. CO. OF AMERICA; OSBERGER, APPELLEE.

(No. 39531—Decided May 25, 1966.)

186

*Mr. William B. Saxbe*, attorney general, *Mr. James D. Newcomer, Mr. Clifford Bernard* and *Mr. Nat Lefton*, for appellant.

*Messrs. Topper & Alloway* and *Mr. R. Brooke Alloway*, for appellee.

HERBERT, J. The question presented to this court is whether a stockholder in an insurance company which has been taken over by the Superintendent of Insurance pursuant to Chapter 3903 of the Revised Code should be permitted to intervene in the conservatorship proceedings. However, before that is determined, we must consider whether the denial of the attempted intervention is an appealable order.

On the threshold question of appealability, Section 2505.02 is controlling. It provides, in part, as follows: "* * * an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

Conservatorship proceedings are "special proceedings." *E. g., Anderson* v. *Great Republic Life Ins. Co.* (1940), 41 Cal. App. 2d 181, paragraph three of the syllabus, 106 P. 2d 75. Their purpose is to either rehabilitate or liquidate the insurance company involved. Section 3903.03 of the Revised Code. Either result would have a considerable effect on the property rights of the company's shareholders. Thus, an order denying a stockholder the opportunity to intervene as a party in a conservatorship proceeding is "an order affecting a substantial right made in a special proceeding." See 2 Ohio Jurisprudence 2d, 609, Appellate Review, Section 41.

Furthermore, additional circumstances demonstrate the finality of the order in question. First, it should be noted that

intervention is the sole effective or adequate remedy to preserve the appellee's rights since the Superintendent of Insurance has full and exclusive authority to initiate the conservatorship proceedings which determine the property rights of the interested parties. Section 3903.05 of the Revised Code; *Trosper* v. *Ingham, Judge* (1940), 293 Mich. 438, 292 N. W. 360; *Attorney General, ex rel. Commr. of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Assn.* (1942), 300 Mich. 320, 1 N. W. 2d 557. See *State, ex rel. Bettman, Atty. Genl.,* v. *Court of Common Pleas of Franklin County* (1931), 124 Ohio St. 269, 278, 280 (building and loan conservatorship proceeding); *Czech Catholic Union* v. *East End Bldg. & Loan Assn.* (1942), 140 Ohio St. 465, 470, 471 (building and loan conservatorship proceeding).

Second, the appellee's interests are presently being represented by the Superintendent of Insurance, who by statute (Section 3903.03, Revised Code) is entrusted with the interests of the policyholders, contract holders, creditors, members, stockholders, and the public. However, appellee challenges the adequacy of this representation of his interests and desires *actual* representation.

We mention these two additional circumstances because even in jurisdictions less liberal than Ohio on the matter of what constitutes an appealable order, either of these two factors (no other remedy or inadequate representation) is such as to render the order "final" and appealable. Annotation, "Appealability of order granting or denying right of intervention," 15 A. L. R. 2d 336, 360 to 364.

The Superintendent argues that, since the trial court nevertheless allowed the would-be intervenors to participate in the limited capacity of supporting or objecting to plans of rehabilitation, the denial of the opportunity to intervene as a party was not appealable under Section 2505.02 of the Revised Code. However, this argument goes to the severity with which the order affected substantial rights and does not negate the fact that it was "an order affecting a substantial right." Since the trial court accorded appellee a status less than that of a party although the appellee's property rights were being litigated, we find that order to be presently reviewable. The appellant's argument confuses the appealability of an order with the prej-

udice of the order in respect to the appellee. Thus, we hold that in a special proceeding where an order forecloses to a would-be intervenor the remedy with which he seeks to protect his substantial rights and accords him some lesser alternative, such order is appealable.

Should appellant have been permitted to intervene in the conservatorship proceedings? This is a question of first impression in Ohio, and one that has rarely been litigated in our sister states.

There is no general statutory authority for intervention in Ohio. However, this court in *Osborn v. McClelland* (1885), 43 Ohio St. 284, engrafted the chancery rules concerning intervention onto Section 5006, Revised Statutes (joinder of defendants), which is identical to Section 2307.19 of the Revised Code. Thus it appears that a trial court has the power to permit intervention on the basis of equitable principles.

As a general rule, equity desires that all materially interested persons be made parties, *Barnes v. Christy* (1921), 102 Ohio St. 160. However, where such materially interested persons are so represented by others who are before the court that their interests receive actual and efficient representation, their actual joinder may be dispensed with, 30A Corpus Juris Secundum, Equity, Section 145(a).

In the present action, the stockholder Osberger—a person materially interested in the rehabilitation or liquidation of the corporation—is represented by the Superintendent of Insurance, Section 3903.03 of the Revised Code. The Superintendent argues that this representation was imposed by statute, that the Legislature has spoken, and that intervention by a stockholder is therefore barred.

However, Chapter 3903 makes no mention of whether intervention is permitted. The fact that the Superintendent has exclusive authority to initiate the conservatorship proceedings does not militate against the availability of the intervention remedy as it does in favor of its necessity. As a general rule, equitable remedies are not displaced by the enactment of statutory procedures unless the legislative intention to supplant them is manifestly clear, 50 American Jurisprudence, Statutes, Section 599. Thus the enactment of an insurance conservatorship

procedure does not supplant a court's former equitable powers, *Anderson* v. *Great Republic Life Ins. Co., supra.*

Therefore, in an appropriate case, the trial court may permit intervention by a materially interested party in a conservatorship proceeding. In such a proceeding, the New York Court of Appeals held "that a court of equity, by virtue of its supervision over all phases of the liquidation of a financial corporation, possesses full discretion to permit or deny an application for intervention," *National Bondholders Corp.* v. *Joyce* (1937), 276 N. Y. 92, 96, 11 N. E. 2d 552. See *Commonwealth, ex rel. Chidsey, Atty. Genl.,* v. *Keystone Mutual Cas. Co.* (1950), 366 Pa. 149, 76 A. 2d 867 (those with a pecuniary interest in property subject to proceedings should be permitted to intervene). In three cases intervention was held discretionary although its denial was held not to be an abuse of discretion under the circumstances: *Stallings* v. *Conn* (1934), 74 F. 2d 189; *Trosper* v. *Ingham, Judge, supra; Attorney General, ex rel. Comm. of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Assn., supra.* In two cases intervention was permitted without discussion: *Caminetti, Ins. Commr.,* v. *Guaranty Union Life Ins. Co.* (1943), 22 Cal. 2d 759, 141 P. 2d 423; *Vanderhorst* v. *Knott, Treas.* (1947), 159 Fla. 394, 31 So. 2d 857.

Thus, after a thorough search, we have been unable to find a single case to support the Superintendent's position that Chapter 3903 precludes, as a matter of law, the remedy of intervention. Rather, the above cases indicate that intervention in conservatorship proceedings rests within the sound discretion of the trial court. This accords with the general rule stated in 30A Corpus Juris Secundum, Equity, Section 145(a)(6): "The persons who are represented but not named may intervene and make themselves actual parties, when necessary for the protection of their interests, *at the discretion of the court*, during the trial, as long as the proceedings are in fieri and are not definitely closed by course and practice of the court." (Emphasis added.)

Did the trial court abuse its discretion in granting only a "limited intervention" (see 30A Corpus Juris Secundum, Equity, Section 160) rather than a plenary one? In no manner has appellee Osberger demonstrated that the trial court abused

its discretion. The motion to dismiss Osberger as a party charged that he was obstructing the proceedings. Presumably, the trial court thought that limited intervention would accord Osberger his day in court while curtailing the alleged undue interference. We have not been shown that the court abused its discretion. The court had inherent power (see 30A Corpus Juris Secundum, Equity, Section 160) as well as statutory authority (Section 3903.05, Revised Code) to impose a limitation on an intervenor's activities. Furthermore, even if the trial court's order was an abuse of discretion, no prejudice has been demonstrated. The appellee in fact says in his brief: "At this time, the interests of the intervenor-appellee and plaintiff-appellant have substantially merged and become identical, insofar as the main body of litigation is concerned. * * * *it is conceivable* that there will be times *in the future* when * * * [this] will not be true." (Emphasis added.)

Thus since the appellee has not demonstrated prejudicial error by the trial court, the order of the trial court must be affirmed. The judgment of the Court of Appeals is erroneous in overlooking the discretionary nature of permitting intervention in a conservatorship proceeding. Thus, the judgment of the Court of Appeals must be, and hereby is, reversed.

*Judgment reversed.*

MATTHIAS, O'NEILL and BROWN, JJ., concur.
TAFT, C. J., ZIMMERMAN and SCHNEIDER, JJ., dissent.