[Cite as *State v. Anderson*, 2012-Ohio-4390.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | CASE NO. 11-MA-43 |
| | ) | |
| V. | ) | OPINIONS UPON |
| | ) | EN BANC |
| CHRISTOPHER L. ANDERSON, | ) | CONSIDERATION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 02CR854

In that a majority of the judges are
unable to concur, the decision of the
original panel shall remain. App.R.
26(A)(2)(d)

APPEARANCES:
For Plaintiff-Appellee                          Paul Gains
Prosecutor
Ralph Rivera
Assistant Prosecutor
21 West Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant                    Attorney John Juhasz
7081 West Boulevard, Suite 4
Youngstown, Ohio 44512-4362

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: September 25, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Christopher Anderson, appeals from a Mahoning County Common Pleas Court judgment denying his Motion to Dismiss Indictment and for Discharge from the scheduled trial. Plaintiff-appellee, the State of Ohio, filed a motion to dismiss this appeal alleging that the trial court's denial of appellant's motion for discharge is not a final, appealable order. This court overruled the state's motion, finding that in this particular situation where there have been multiple mistrials, the order appealed is a final, appealable order as defined by R.C. 2505.02. The state next requested that we sit en banc to hear the finality issue, arguing that our decision was in conflict with one of our prior decisions. We granted the state's request and held an en banc hearing to determine whether the denial of appellant's motion for discharge was immediately appealable.

{¶2} We now proceed with a determination solely as to the appealability of the trial court's judgment overruling appellant's motion to dismiss/discharge.

{¶3} Appellant has had five trials thus far.

{¶4} During the first trial, the trial court excluded certain other acts evidence, which was then brought up by a state's witness. The trial court declared a mistrial finding that no corrective instruction to the jury could overcome the weight of the improper comment by the state's witness.

{¶5} During the second trial, the court allowed the other acts evidence and also allowed evidence of appellant's probation violations. A jury found appellant guilty in November 2003. On appeal, this court reversed the murder conviction finding that the trial court erred in admitting this evidence. *State v. Anderson*, 7th Dist. No. 03-MA-252, 2006-Ohio-4618.

{¶6} Appellant's third trial was held in December 2008. This trial resulted in a hung jury.

{¶7} Appellant's fourth trial began in April 2010. However, one of his defense attorneys fell asleep during voir dire. Consequently, the court declared a mistrial.

**{¶8}** Appellant's fifth trial was held in August 2010. For the second time, the trial resulted in a hung jury.

**{¶9}** The trial court scheduled appellant for what would be his sixth trial. Appellant then filed his Motion to Dismiss Indictment and for Discharge. Appellant argued that to make him stand trial for a sixth time violated his due process rights and his protection from double jeopardy. The trial court overruled appellant's motion finding that double jeopardy does not bar a retrial for the same offense after reversal or mistrial. Appellant filed a timely appeal from this decision.

**{¶10}** The state now alleges our decision that the order appealed from is a final, appealable order is in conflict with the Ohio Supreme Court case *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1352 (1990) and our application of *Crago's* holding in *State v. Hubbard*, 135 Ohio App.3d 518, 734 N.E.2d 874 (7th Dist. 1999).

**{¶11}** In *Crago*, 53 Ohio St.3d at the syllabus, the Court held: "The overruling of a motion to dismiss on the ground of double jeopardy is not a final appealable order." In so holding, the court reasoned: "The denial of a motion to dismiss a charge on the basis of double jeopardy does not meet, for purposes of being a final order, any one of the three prongs of R.C. 2505.02 as set forth therein." *Id.* at 244.

**{¶12}** In *Hubbard*, we relied on *Crago* in holding that the overruling of a motion to dismiss on the grounds of double jeopardy is not an appealable order subject to immediate review. *Hubbard*, 135 Ohio App.3d at 522.

**{¶13}** The present case is distinguishable from *Crago* and *Hubbard*. Both *Crago* and *Hubbard* dealt solely with the issue of double jeopardy and did not address a due process argument. Appellant, however, based his motion to dismiss/discharge on two separate arguments: (1) a violation of double jeopardy because of the harassment associated with multiple prosecutions; and (2) a violation of due process because the trial process was no longer fair.

**{¶14}** Furthermore, the facts here are distinguishable. In *Crago* and *Hubbard*, the defendants each had one trial which resulted in a mistrial. Before their second trials, they each filed a motion to dismiss based on double jeopardy. In the present

case however, appellant has had two trials that resulted in hung juries, one trial ending in a conviction that we reversed on appeal, one mistrial chargeable to the state, and one mistrial chargeable to the defense.

**{¶15}** Had appellant raised only a double jeopardy argument in support of his motion to dismiss/discharge and had he been subject to only one trial thus far, we would agree that *Crago* and *Hubbard* control here. But appellant's due process argument coupled with the unique facts of this case compel us to reach a different conclusion.

**{¶16}** R.C. 2505.02(B) defines a final, appealable order:

**{¶17}** "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶18}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶19}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

**{¶20}** "(3) An order that vacates or sets aside a judgment or grants a new trial;

**{¶21}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶22}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶23}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

**{¶24}** R.C. 2505.02(A)(3) defines a "provisional remedy" as a "proceeding ancillary to an action, including, *but not limited to*, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."

(Emphasis added.) An order denying a motion to dismiss/discharge would fall into the category of provisional remedies.

**{¶25}** Furthermore, in this case, appellant would clearly be denied a meaningful, effective appeal on the issue of due process if he is required to wait until conviction before appealing. And if appellant is denied an appeal now, he will be prevented from obtaining a judgment in his favor with respect to his motion to dismiss/discharge. Unlike other appealable issues that arise prior to trial and during trial, such as evidentiary rulings, the violation here occurs if appellant is required to stand trial. The trial itself is the very thing appellant claims that due process prohibits in this case.

**{¶26}** The Due Process Clause of the United States Constitution provides: "No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**{¶27}** Article I, Section 16 of the Ohio Constitution, states that every person "shall have remedy by due course of law *and shall have justice administered without denial or delay*." (Emphasis added.)

**{¶28}** In this case, appellant has already been subject to preparing for five trials over a seven-year period. Should he proceed to a sixth trial, his entire trial process will have taken close to nine years. We believe that fundamental fairness and constitutional protections provide appellant a right to appeal at this time the trial court's ruling on his motion to dismiss/discharge.

**{¶29}** We note that our ruling herein applies strictly to the appealability issue as we have not yet reached the merits of this case.

**{¶30}** In that a majority of the judges of the appellate district are unable to

concur in a decision, the decision of the original order shall remain. App.R. 26(A)(2)(d).

DeGenaro, J. concurs with attached concurring opinion.
Vukovich, J. writing separately representing two out of four votes upon en banc review
Waite, P.J. concurs with Vukovich, J.

DeGenaro, J., concurring separately with the judgment of Judge Donofrio.

{¶31} I add my voice to the call of colleagues from other appellate districts and Justices Lanzinger and McGee-Brown in *State v. Gunnell,* Slip Opinion No. 2012-Ohio-3236, (July 19, 2012), for the Ohio Supreme Court to revisit *State v. Crago*, 53 Ohio St.3d 243, 559 N.E.2d 1353 (1990), which held that the denial of a motion to dismiss on double jeopardy grounds is not a final appealable order. Subsequent to *Crago*, in *Wenzel v. Enright,* 68 Ohio St.3d 63, 623 N.E.2d 69 (1993), the court held that such a denial is not subject to judicial review through a petition for habeas corpus, prohibition, or any other original writ, thus the only remaining remedy under Ohio law to vindicate this violation is a direct appeal *after* trial. Anderson correctly argues that this not only violates the Double Jeopardy Clause but also the Due Process Clause; both of which constitute a "substantial right" as contemplated by R.C. 2505.02. That statute goes on to provide that where an order in effect determines the action and prevents a judgment with respect to that substantial right, it is a final order which may be appealed. R.C. 2505.02(B)(1). Here, the trial court's denial of Anderson's motion to dismiss on double jeopardy and due process grounds is a complete, final rejection of his claim that the state is barred from prosecuting him, and therefore prevents a judgment in his favor to that effect. Thus, we have jurisdiction to consider this appeal.

{¶32} I write separately because while I agree with my colleague finding jurisdiction that Anderson's due process argument enables us to view this issue through that particular lens, especially when considering that Anderson has been incarcerated throughout the 10 years of legal proceedings, I do not think that the finality of the instant order is necessarily dependent on the fact that Anderson is facing his sixth trial. Instead, I believe it incumbent upon me as an officer of the court to conclude that because *Crago* and *Wenzel* are contrary to the United States Supreme Court's interpretation of the Double Jeopardy Clause, we must be guided by that court's jurisprudence, and accordingly find the order at issue here final and appealable.

{¶33} The Double Jeopardy Clause not only protects individuals from double punishment for the same or allied offenses, a right which can be vindicated by a post-trial direct appeal, it also protects a predicate right which cannot be adequately protected by direct appeal, i.e, being subjected to multiple trials. "The Fifth Amendment's Double Jeopardy Clause protects individuals 'not against being twice punished, but against being twice put into jeopardy.'" *Ball v. United States,* 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896); *see, also*, *Blueford v. Arkansas,* 132 S.Ct. 2044, 2050, 182 L.Ed.2d 937 (2012) (The Double Jeopardy Clause guarantees that the State shall not be permitted to make repeated attempts to convict the accused). And looking to specific guarantees in the Bill of Rights to determine whether a state criminal trial comported with due process, the Supreme Court held that the Double Jeopardy Clause applies to the states via the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. The Court reasoned that because the Fifth Amendment provision represented a fundamental principle of the American scheme of justice, the same constitutional standards apply against both state and federal governments. *Id.* at 795-796. And because Ohio has opted to afford the right of a criminal appeal, that right must be meaningful. *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). Thus, we are bound by U.S. Supreme Court precedent in considering this issue.

{¶34} In *Abney v. U.S.,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court explained why the denial of a motion to dismiss on double jeopardy grounds is among a limited class of cases that are the exception to the traditional notion of final appealable orders:

> * * * In the first place there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim. There are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee. Hence, Cohen's threshold requirement of a fully consummated decision

is satisfied.

Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from the principal issue at the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged. In arguing that the Double Jeopardy Clause of the Fifth Amendment bars his prosecution, the defendant makes no challenge whatsoever to the merits of the charge against him. Nor does he seek suppression of evidence which the Government plans to use in obtaining a conviction. * * * The elements of that claim are completely independent of his guilt or innocence. Indeed, we explicitly recognized that fact in *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971), where we held that a State Supreme Court's rejection of an accused's pretrial plea of former jeopardy constituted a "final" order for purposes of our appellate jurisdiction under 28 U.S.C. s 1257.

"Since the state courts have finally rejected a claim that the Constitution forbids a second trial of the petitioner, a claim separate and apart from the question whether the petitioner may constitutionally be convicted of the crimes with which he is charged, our jurisdiction is properly invoked under 28 U.S.C. s 1257." [Harris], 404 U.S., at 56, 92 S.Ct., at 184. * * * Thus, the matters embraced in the trial court's pretrial order here are truly collateral to the criminal prosecution itself in the sense that they will not "affect, or . . . be affected by, decision of the merits of this case." *Cohen*, 337 U.S., at 546, 69 S.Ct., at 1225.

**Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.** To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the

same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, **this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.**

" 'The Constitution of the United States, in the Fifth Amendment, declares, " nor shall any person be subject (for the same offense) to be twice put in jeopardy of life or limb." The prohibition is not against being twice punished, but against being twice put in jeopardy . . . .' . . . The 'twice put in jeopardy' language of the Constitution thus relates to a potential, i.e., the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried." *Price v. Georgia*, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300 (1970). * * * Because of this focus on the "risk" of conviction, the guarantee against double jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense. It thus protects interests wholly unrelated to the propriety of any subsequent conviction. Mr. Justice Black aptly described the purpose of the Clause:

**"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense**, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green*, supra, 355 U.S., at 187-188, 78 S.Ct. 221, 223.

**\* \* \* Obviously, these aspects of the guarantee's protections would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit. Consequently, if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.**

We therefore hold that pretrial orders rejecting claims of former jeopardy, such as that presently before us, constitute "final decisions" and thus satisfy the jurisdictional prerequisites of s 1291. (Footnotes and some internal citations omitted; emphasis added). *Abney*, 431 U.S. at 659-662.

{¶35} I disagree with my colleagues opposing jurisdiction that *Abney* is distinguishable because it is discussing the federal appeals jurisdictional statute. Because Ohio has opted to afford criminal defendants an appeal, *Benton* and *McKane* dictate that an appeal must be meaningful, specifically that it comport with due process. And whether the appeal process comports with due process is measured by the same standard which must be met by the federal government: *Abney* and its precursors and progeny.

{¶36} Turning next to the evolution of Ohio Supreme Court double jeopardy jurisprudence, it is necessary to place it in context. In *Owens v. Campbell,* 27 Ohio St.2d 264, 272 N.E.2d 116 (1971), a 4-3 decision and no dissenting opinion, the majority merely held, without any analysis, that a defendant's remedy for a double jeopardy violation was not a direct appeal, but an extraordinary writ. *Id.* at 268. Although Owens had filed a habeas petition, the court never specified which writ was

the appropriate one to file. This ambiguity led to some courts approving the use of a writ of prohibition as the vehicle to address a pre-trial double jeopardy claim, but this was subsequently rejected in *State ex. rel. Wall v. Grossman,* 61 Ohio St.2d 4, 398 N.E.2d 789 (1980).

**{¶37}** The issue was then resolved by a unanimous court in *State v. Thomas,* 61 Ohio St.2d 254, 400 N.E.2d 897 (1980):

> Section 3(B)(2), Article IV, of the Ohio Constitution, authorizes appellate courts to exercise such jurisdiction as may be provided by law to review "judgments or final orders" of inferior courts within their respective districts. To implement this constitutional provision, the General Assembly enacted R.C. 2953.02, which provides for review by the Court of Appeals of a "judgment or final order" in a criminal case. Although the term "final order" is not defined in R.C. 2953.02, the definition of that term contained in R.C. 2505.02 has been held to be applicable to criminal proceedings. See State v. Collins (1970), 24 Ohio St.2d 107, 108, 265 N.E.2d 261; State v. Miller (1953), 96 Ohio App. 216, 217, 121 N.E.2d 660.

> As relevant to this appeal, R.C. 2505.02 states that:

> "An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, (or) an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed * * *."

> Appellant contends that the overruling of a motion to dismiss for former jeopardy is a final order within the meaning of R.C. 2505.02. Appellant apparently concedes the validity of this state's policy prohibiting interlocutory appeals, but argues that this court has, in the

past, allowed immediate appeals from orders which affect a substantial right that cannot be preserved by an appeal after judgment.

It is clear that the Double Jeopardy Clause is a guarantee against being twice put to trial for the same offense. Abney v. United States (1977), 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651. It is equally clear that an order affecting a right of constitutional dimensions is an "order affecting a substantial right," within the contemplation of R.C. 2505.02. It would seem reasonable to conclude that some form of review prior to judgment is necessary to preserve this right. Id. at page 660, 97 S.Ct. at page 2040.

More troublesome, however, is the meaning of the term "special proceeding" embodied in R.C. 2505.02. Although this court, in State v. Collins, supra, pointed out that most modern courts have been less than precise in defining "special proceeding," it held that a pre-trial proceeding on a motion to suppress evidence is a special proceeding within the meaning of R.C. 2505.02.

We believe that a proceeding on a motion to dismiss for double jeopardy should be considered a special proceeding as well. A claim of double jeopardy raises an issue entirely collateral to the guilt or innocence of the defendant. While it is a complete defense, it is more than that, for it, in principle, bars a new trial as well as a new conviction. Additionally, an erroneous decision on a double jeopardy claim cannot be effectively reviewed after judgment within the second trial; by that time, the defendant's right has been violated. *Thomas* at 257-258. *See also Gunnell* at ¶41-42 (Lanzinger, J. concurring).

**{¶38}** This brings us to *Crago*, which, by a 5-2 vote with no analysis and merely quoting R.C. 2505.02 and 2953.02, the Ohio Supreme Court reversed *Thomas*, holding that a defendant cannot file a pre-trial direct appeal to remedy a

double jeopardy violation, with the dissent likewise merely cited to *Thomas*. Three years later the court revisited the issue in *Wenzel*, and by a 4-3 vote, reiterated that the only remedy for a denial of a motion to dismiss on double jeopardy grounds was a post-trial direct appeal, because it is not a final appealable order, and cannot be reviewed via a pre-trial writ of habeas corpus, prohibition or any other writ. *Wenzel* at 66-67. The majority recounted the history and holdings of *Owens, Thomas* and *Crago*, explicitly stating that *Crago* did not revive the extraordinary writ option in *Owens*. *Id.* at 66. In a footnote, the Court made the statement that *Abney* did not mandate that the states provide a pre-trial appeal, concluding that *Crago* was decided pursuant to Ohio's appellate jurisdictional statute. *Id.* at 67. This footnote is superficially dismissive. First, it failed to address the entire constitutional analysis of *Abney* and its predecessors. Second, it ignored the holdings in *Benton* and *McKane,* that when a state chooses to provide criminal defendants with an appeal, that process must comport with due process, and be measured against the same standard applicable to the federal government as articulated in *Abney*.

{¶39} Read in tandem, *Crago* and *Wenzel* have cut off all pre-trial opportunities for a defendant to seek protection from being placed twice in jeopardy by the State of Ohio; the only remedy is to seek habeas relief in the federal courts. *See, e.g., Harpster v. Ohio,* 128 F.3d 322, 325-326.

{¶40} I agree with the dissenting opinions in *Wenzel*. First, as noted by Justice Sweeney:

> In *Bell v. Mt. Sinai Hosp.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184, this court defined a "final appealable order" for purposes of R.C. 2505.02, as follows:
>
> "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. See, generally, *Union Camp Corp. v. Whitman* (1978), 54 Ohio St.2d 159, 162, 8 O.O.3d 155, 157, 375

N.E.2d 417, 419-420; *State v. Collins* (1970), 24 Ohio St.2d 107, 110, 53 O.O.2d 302, 303-304, 265 N.E.2d 261, 263; *Morris v. Invest. Life Ins. Co.* (1966), 6 Ohio St.2d 185, 189, 35 O.O.2d 304, 306, 217 N.E.2d 202, 206; *In re Estate of Wyckoff, supra* [1957], 166 Ohio St. [354] at 359, 2 O.O.2d [257] at 260, 142 N.E.2d [660] at 664."

I therefore believe that, as a matter of *statutory* law, an order which denies a motion to dismiss on the grounds of double jeopardy is a final appealable order because as a matter of *constitutional* law the protections against multiple prosecutions could not be vindicated on appeal following a second trial. Accordingly, the order denying the motion to dismiss would be "[a]n order * * * which, * * * if not immediately appealable, would foreclose appropriate relief in the future." *Id.* at 72-73 (Sweeney, J. dissenting).

**{¶41}** Second, as noted by Justice Wright, "[w]e are required to provide a *pre-trial* means for a defendant to obtain judicial review of the denial of a motion to dismiss on the ground of double jeopardy. A post-trial appeal is not constitutionally adequate because the protection against double jeopardy is not just protection against being punished twice for the same offense, it is also protection against being tried twice for the same offense." (Emphasis sic.) *Id.* at 73 (Wright, J. dissenting). This rationale is consistent with the principles articulated in *Benton* and *McKane* that when states choose to extend statutory criminal appeal rights, the process must comport with due process as measured against federal constitutional jurisprudential standards.

**{¶42}** Ours is a government of limited powers delegated to it by the people in the Constitution, and the Bill of Rights memorializes rights upon which the government shall not encroach. As argued by Alexander Hamilton and mandated by the Ninth Amendment to the U.S. Constitution. "The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the

people." Those protections were reinforced by the Fourteenth Amendment's guarantee of due process from both the national and state governments. As stated in Federalist 78: "[T]he courts were designed to be an intermediate body between the people and the legislature, in order, among other things, to keep the latter within the limits assigned to their authority * * *. [W]hen the will of the legislature, declared in its statutes, stands in opposition to that of the people, declared in the Constitution, the judges ought to be governed by the latter rather than the former." The Federalist No. 78 (Gideon 2001), 404.

{¶43} In *Blueford,* Justice Sotomayor eloquently tied together the significance of the judiciary's obligation to protect the people from multiple prosecutions:

At its core, the Double Jeopardy Clause reflects the wisdom of the founding generation, familiar to " 'every person acquainted with the history of governments,' " that " 'state trials have been employed as a formidable engine in the hands of a dominant administration.... To prevent this mischief the ancient common law ... provided that one acquittal or conviction should satisfy the law.' " *Ex parte Lange*, 18 Wall. 163, 171, 21 L.Ed. 872 (1874) (quoting *Commonwealth v. Olds*, 15 Ky. 137, 139 (1824)). The Double Jeopardy Clause was enacted " '[t]o perpetuate this wise rule, so favorable and necessary to the liberty of the citizen in a government like ours.' " 18 Wall., at 171. This case demonstrates that the threat to individual freedom from reprosecutions that favor States and unfairly rescue them from weak cases has not waned with time. Only this Court's vigilance has. *Blueford* 132 S.Ct. at 2060 (Sotomayor, J. dissenting).

{¶44} This Court's vigilance cannot wane. Therefore, I conclude that the trial court's order denying Anderson's motion to dismiss pursuant to the Double Jeopardy and Due Process clauses is a final appealable order. Ohio's scheme of only providing a post-trial remedy to vindicate this fundamental right is unconstitutional.

VUKOVICH, J., REPRESENTING TWO OUT OF FOUR VOTES UPON EN BANC REVIEW, (but failing to garner the three votes needed to overturn the court's prior decision which found that a final appealable order exists in this case).

**{¶45}** In 1980, the Ohio Supreme Court held that the denial of a motion to dismiss on double jeopardy grounds was a final appealable order. *State v. Thomas*, 61 Ohio St.2d 254, 257-258, 400 N.E.2d 897 (1980), overruling *Owens v. Campbell*, 27 Ohio St.2d 264, 267, 272 N.E.2d 116 (1971). However, that holding was overruled, and the Court reverted to its position that the denial of a motion to dismiss on double jeopardy grounds is not a final appealable order. *State v. Crago*, 53 Ohio St.3d 243, 244-245, 559 N.E.2d 1353 (1990) (applying prior version of R.C. 2505.02, which contained present-day language said by appellant to be applicable herein: order affects a substantial right in an action which in effect determines the action and prevents a judgment).

**{¶46}** Since *Crago*, the Court maintains that the proper way to seek judicial review of a denial of a motion to dismiss on double jeopardy grounds is a direct appeal to the appellate court *at the conclusion of the trial court proceedings*. *Wenzel v. Enright*, 68 Ohio St.3d 63, 66, 623 N.E.2d 69 (1993). The *Wenzel* Court specifically stated that the United States Supreme Court's decision in *Abney*, cited in our original judgment entry finding a final appealable order in this case, deals only with the finality of an order under federal law and does not require state courts to accept such interlocutory appeals. *Id.* at 67, fn.1, declining to adopt *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

**{¶47}** Thereafter, the Ohio Supreme Court reiterated that the proper legal remedy is to raise any double jeopardy contentions by a pretrial motion to dismiss and, if the motion is denied, to file a *direct appeal from the subsequent conviction*. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997). We cited these cases in our *Hubbard* decision, which was the case we used to reconsider the within cause en banc. *See State v. Hubbard*, 135 Ohio App.3d 518,

520, 734 N.E.2d 874 (7th Dist.1999) (denial of a motion to dismiss on the basis on double jeopardy is not a final appealable order).

**{¶48}** Appellant acknowledged this obstacle to his appeal proceeding and recognized that the rationale behind *Crago* requires a dismissal of his appeal of the trial court's refusal to hold that his due process rights were violated. However, he posits that the Supreme Court's *Crago* holding, that the denial of a double jeopardy claim cannot be appealed until after conviction, is an "absurd" position. He opines that federal courts share his belief that the *Crago* holding is absurd, citing *Harpster v. Ohio*, 128 F.3d 322, 325-326 (6th Cir.1997) (merely allowing federal habeas to proceed when claims have been rejected in the state trial court but are not subject to interlocutory appeal under the law of the state).

**{¶49}** In asking us to ignore *Crago*, he explains that he has a substantial right to due process and to be free from double jeopardy. He urges that the trial court's decision is appealable at this time because it affected a substantial right that in effect determined the action and prevented a judgment. Appellant asks that we adopt the rationale behind a dissent after a majority of this court held that the denial of the defendant's motion to suppress was not immediately appealable as the defendant failed to show that he would not be afforded meaningful or effective relief by way of an appeal following possible conviction. *See State v. Ricciardi*, 135 Ohio App.3d 155, 733 N.E.2d 291 (7th Dist.1999) (Cox, J., dissenting).

**{¶50}** There are judges around the state who agree with appellant's position that *Crago* should be overruled. *See, e.g., Wenzel*, 68 Ohio St.3d at 67-68 (Sweeney, J., dissenting); *State v. Gunnell*, 2d Dist. No. 09CA13, 2010-Ohio-4415 (Brogan, J., concurring to encourage the Ohio Supreme Court to revisit *Crago* and reinstate *Thomas*). Be that as it may, an appellate court cannot violate Supreme Court precedent because the appellate court disagrees with that precedent, especially in response to a defendant's claim that we should ignore the Supreme Court's position because it is "absurd." *See Crago*, 53 Ohio St.3d at 245 (pointing out that the court of appeals was bound by the prior decision *Thomas*). *See also*

*State v. Crago*, 93 Ohio App.3d 621, 640, 639 N.E.2d 801 (10th Dist.1994) (noting that appellate courts are bound by the Supreme Court's 1990 *Crago* holding).

{¶51} The other en banc opinion in this case essentially attempts to distinguish *Crago* on three bases: (1) *Crago* was not the product of multiple trials as is the case here; (2) the provisional remedy option applies, which did not exist at the time of *Crago*; and (3) *Crago* was based solely upon double jeopardy rather than double jeopardy *and due process* as is the case here.

{¶52} As to the first issue, the *Crago* Court laid down a general rule that the denial of a motion to dismiss on double jeopardy grounds is not appealable. An appellate court's creation of exceptions to this rule based upon the number of trials is a violation of the general rule. Appealability should not be based upon the number of prior cases and/or what type of events resulted in mistrials. Such factors may be relevant to the eventual merit determination, but they do not govern appealability.

{¶53} (We also note here that one mistrial occurred during jury selection when *appellant's* second chair counsel fell asleep, and one of the retrials was the result of a {non-unanimous} appellate court reversal of a conviction.) *See State v. Anderson*, 7th Dist. No. 03MA252, 2006-Ohio-4618 (Vukovich, J., dissenting on grounds that there existed overwhelming evidence of appellant's guilt and finding any error harmless beyond a reasonable doubt).

{¶54} Contrary to the other en banc opinion's second attempt to distinguish *Crago*, the case before us does not involve a provisional remedy. An order granting or denying a provisional remedy is a final order if: (a) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, and (b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. R.C. 2505.02(B)(4)(a)-(b).

{¶55} Initially, we point out that third prong of the provisional remedy appealability test is essentially disposed of by the Ohio Supreme Court's holding that

there is an adequate remedy in the ordinary course of law to challenge an adverse ruling on the double jeopardy issue (by an appeal to the court of appeals at the conclusion of the trial court proceedings). *Wenzel*, 68 Ohio St.3d at 66 (thus holding that a writ is not permissible). *See also State ex rel. White*, 80 Ohio St.3d at 338 (defendant "has adequate legal remedies to raise his double jeopardy contentions by a pretrial motion to dismiss, and if it is denied and he is subsequently convicted, by direct appeal."). Additionally, this court has stated:

{¶56} "Appellant in this case would not be denied a meaningful or effective appeal on the issue of double jeopardy, along with any other trial issue that may develop, should he be required to wait until conviction and sentence before an appeal is taken. Moreover, appellant may still be acquitted at trial, rendering the issue moot." *Hubbard*, 135 Ohio App.3d at 521.

{¶57} If a meaningful and effective review of double jeopardy issues can occur after trial, then so can there be a meaningful and effective post-trial review of due process issues that are based upon the same principles relevant to the double jeopardy claim. *See Hubbard*, 135 Ohio App.3d at 521. *See also State v. Tate*, 179 Ohio App.3d 71, 2008-Ohio-5686, ¶ 24, 28-29, 31 (7th Dist.) (citing *Hubbard* to dispose of this prong of provisional remedy in a case involving an appeal of trial court's denial of defendant's motion to dismiss on grounds that state lost a prior appeal of a suppression decision).

{¶58} In any event, the proceeding involved here does not fit into the provisional remedy category. A provisional remedy is a proceeding ancillary to an action. R.C. 2505.02(A)(3). An ancillary proceeding is "one that is attendant upon or aids another proceeding." *State v. Muncie*, 91 Ohio St.3d 440, 449, 746 N.E.2d 1092 (2001). Examples listed in the final appealable order statute include a proceeding for a preliminary injunction, attachment, discovery of privileged matter, and suppression of evidence. R.C. 2505.02(A)(3). Other examples are an order for forced medication of an incompetent criminal defendant or a mandatory bindover hearing for a juvenile. *In re A.J.S.*, 120 Ohio St.3d 85, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 20, 23.

{¶59} This court has previously declared that a defendant's request to dismiss a criminal complaint is not ancillary to the criminal action as it does not aid the action, nor is it attendant upon the action. *Tate*, 179 Ohio App.3d 71 at ¶ 21 (where state continued to prosecute upon newly discovered evidence after losing state's appeal). *See also State v. Brown*, 8th Dist. No. 84229, 2004-Ohio-5587, ¶ 11 (the dismissal of a criminal complaint cannot be considered a proceeding ancillary to the action). Rather, a motion to dismiss seeks the entire termination of the entire criminal action. *Id.*

{¶60} "Indeed, a motion to dismiss is not 'provisional' in nature because the status quo may not be preserved depending on how the trial court rules on the motion. For instance, if the trial court grants the motion to dismiss, then the adjudication of the motion may be dispositive of the entire proceeding." *City of Mentor v. Babul*, 11th Dist. No. 98-L-244 (July 16, 1999) (the adjudication of a motion to dismiss on double jeopardy grounds does not fall within the scope of a provisional remedy).

{¶61} Accordingly, a request to dismiss on double jeopardy and due process grounds does not involve a provisional remedy. *See Hubbard*, 135 Ohio App.3d at 521 ("We find that a motion to dismiss on the grounds of double jeopardy is not a provisional remedy as defined by the amended statute"). *See also Tate*, 179 Ohio App.3d 71 at ¶ 21; *Brown*, 8th Dist. No. 84229 at ¶ 11; *Babul*, 11th Dist. No. 98-L-244. In fact, appellant did not resort to the provisional remedy option in R.C. 2505.02(B)(4).

{¶62} Instead, appellant's reply to the state's motion to dismiss the appeal argued the trial court's refusal to discharge him was appealable based upon R.C. 2505.02(B)(1). This subdivision provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment". R.C. 2505.02(B)(1).

{¶63} The Supreme Court has already held the denial of motion to dismiss on double jeopardy (and collateral estoppel) grounds does not involve a substantial right

that determines the action and prevents a judgment. *Crago*, 53 Ohio St.3d at 244, fn. 2 (nor is it an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment). *See also Wenzel*, 68 Ohio St.3d at 66 (decision of a trial court denying a motion to dismiss on the ground of double jeopardy is not a final appealable order). Thus, the denial of a motion to dismiss on double jeopardy grounds is not immediately appealable. *Id.*; *Hubbard*, 135 Ohio App.3d at 522.

**{¶64}** This leads to the third attempt in this court's other en banc decision to distinguish *Crago* from the case before us. That is, it is proposed that this defendant created finality by adding a due process argument to his double jeopardy argument in further support of his claim that his case should be dismissed rather than retried.

**{¶65}** However, appellant himself recognizes that the rationale behind *Crago* is just as applicable to his due process argument as it is to his double jeopardy argument since both arguments revolve around the same principles of general fairness. *See* Appellant's Apr. 5, 2011 Reply to State's Motion to Dismiss Appeal, p. 5-6. *See also* Appellant's Feb. 2, 2011 Motion to Dismiss Indictment and for Discharge (using the "wearing down" and "fair play" arguments about multiple trials under both the due process and the double jeopardy arguments). The decision refusing to dismiss does not in effect determine the action and prevent a judgment in the action.

**{¶66}** As touched on above when discussing provisional remedies, there is no reason to treat the labels for the motion differently for purposes of appealability. In *Tate*, we found the denial of a Crim.R. 12(K) motion to dismiss based upon a lost state's appeal to be a non-final order, and we compared the case to *Hubbard* where we found the denial of a motion to dismiss on grounds of double jeopardy to be non-final order. *See Tate*, 179 Ohio App.3d 71 at ¶ 28-29, 31.

**{¶67}** If the denial of a motion to dismiss on double jeopardy and collateral estoppel grounds does not involve a substantial right that determines the action and prevents a judgment, then neither does the denial of a motion to dismiss on double

jeopardy and due process grounds. *See Crago*, 53 Ohio St.3d at 244, fn.2. *See also Hubbard*, 135 Ohio App.3d at 522 (using double jeopardy case to address Crim.R. 12(K) finality issue). Similarly, if the denial of a motion to dismiss on Crim.R. 12(K) grounds is not final, then neither is the denial of a motion to dismiss on due process grounds final. *See Tate*, 179 Ohio App.3d 71 at ¶ 28-29, 31.

{¶68} In conclusion, the denial of a motion to dismiss on double jeopardy and due process grounds is not a final appealable order, and no exception should be created based upon the number of prior trials. However, as the en banc vote is two to two, this court's original decision stands (where two out of three judges on the panel accepted the appeal as final). See June 10, 2011 Judgment Entry, attached.

bk

CLERK OF COURTS
MAHONING COUNTY, OHIO

JUN 1 0 2011

FILED
ANTHONY VIVO, CLERK

STATE OF OHIO )
)
MAHONING COUNTY ) SS:
)

IN THE COURT OF APPEALS OF OHIO

SEVENTH DISTRICT

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

VS.

CHRISTOPHER ANDERSON,

    DEFENDANT-APPELLANT.

CASE NO. 11 MA 43

JUDGMENT ENTRY

This cause comes on appeal from a February 15, 2011 judgment entry of the Common Pleas Court overruling defendant's Motion to Dismiss Indictment and for Discharge. On March 8, 2011 appellee State of Ohio filed a Motion to Dismiss this appeal for lack of a final appealable order, citing to *State v. Crago* (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353. *Crago* held a denial of a motion to dismiss on the basis of double jeopardy is not a final order, overruling *State v. Thomas* (1980), 61 Ohio St.2d. 254, 15 O.O.3d, 282, 400 N.E.2d 897, which held the denial of a motion to dismiss is a final appealable order, reasoning the Double Jeopardy Clause of the Fifth Amendment protected the accused from multiple prosecutions and punishments. On April 5, 2011 appellant filed a Reply to the State's Motion to Dismiss Appeal, citing federal law for the proposition that a double jeopardy claim is subject to being litigated in federal court before retrial. See *Harpster v. Ohio* (C.A. 6, 1997), 128 F.3d 322 at 325-326; *Abney v. United States* (1977), 431 U.S. 651, 97 S.Ct. 2034,52 L.Ed.2d 651. The Sixth Circuit reasoned in *Harpster*:

"The Fifth Amendment's Double Jeopardy Clause protects individuals 'not against being twice punished, but against being twice put into jeopardy.' *Ball v. United States*, 163 U.S. 662, 669 41 L.Ed. 300, 16 S.Ct. 1192 (1896). Therefore, 'if a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge * * * must be reviewable before the

subsequent exposure occurs." *Abney v. United States*, 431 U.S. 651, 662, 52 L.Ed.2d 651, 97 S.Ct. 2034 (1977)." *Harpster* at 325.

Here, as noted in the Motion to Dismiss Indictment and for Discharge, appellant has already faced a jury five times. Twice the court declared a mistrial before completion of the state's case. Three times the state completed its case, two of which resulted in hung juries, and the third resulted in a conviction which was overturned by this Court. *State v. Anderson*, 7th Dist. No. 03 MA 252, 2006-Ohio-4618.

Upon consideration of applicable law and limited to the very specific facts of this case where there have been multiple mistrials we find that the order appealed is a final appealable order as defined by R.C. 2505.02. Appellee's Motion to Dismiss is overruled.

Appeal continues. Waite, P.J., dissents.

JUDGE GENE DONOFRIO

JUDGE MARY DeGENARO